IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:24-cv-575-ECM |
| | )   [WO] |
| ALABAMA ALCOHOL CONTROL | ) |
| BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On April 9, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice because Plaintiff Gregory Kelly ("Kelly") failed to file an amended complaint as ordered by the Court, and because his original complaint is a shotgun pleading. (Doc. 48). On April 25, 2025, Kelly filed a combined response to the Recommendation, which the Court construes as objections to the Recommendation, and a motion for leave to file an amended complaint. (Doc. 49).[1] After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, Kelly's objections, and his motion for leave, the Court concludes that Kelly's motion for leave is due to be denied, his objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

---

[1] Also pending before the Court are Kelly's motion for summary judgment, or in the alternative for partial summary judgment (doc. 50); and a motion to stay deadlines pending a decision on the Recommendation filed by several Defendants (doc. 51). Those motions are due to be denied as moot.

## II.  LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

## III.  DISCUSSION

A brief summary of the procedural history is warranted.  On September 6, 2024, Kelly filed an eighteen-count civil complaint against twenty-five Defendants. (Doc. 1). Thereafter, several Defendants filed motions for a more definite statement. (Docs. 13, 14, & 15).  On March 6, 2025, the Magistrate Judge granted the motions and directed Kelly to file an amended complaint by March 24, 2025. (Doc. 45).  The Magistrate Judge's Order explained how Kelly's complaint was deficient and provided detailed guidance as to what

should be included in an amended complaint. (*Id.*). Additionally, Kelly was cautioned **"that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure may result in a recommendation that the case be dismissed**." (*Id.* at 6) (emphasis in original). The record reveals that Kelly did not file an amended complaint by March 24, 2025. On April 9, 2025, the Magistrate Judge recommended that this case be dismissed without prejudice because Kelly failed to comply with the Court's Orders, and because Kelly's original complaint is a shotgun pleading.

After the Magistrate Judge recommended that this case be dismissed, Kelly filed a response to the Recommendation and motion for leave to file an amended complaint, which contains a proposed amended complaint. (Doc. 49). Although Kelly styles his submission as a response to the Magistrate Judge's Recommendation, he does not specifically object to any of the Magistrate Judge's findings or conclusions. Kelly's proposed amended complaint, which exceeds seventy pages and two-hundred paragraphs, purports to bring twenty-six counts and seeks to add multiple new Defendants, including multiple state agencies and their employees. He seeks to bring numerous federal claims, including claims pursuant to 42 U.S.C. § 1983 for alleged violations of the Equal Protection Clause, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Racketeering Influence and Corrupt Organizations Act ("RICO"), and the Immigration and Nationality Act ("INA"). He also seeks to bring numerous state law claims, including libel, defamation, intentional infliction of emotional distress, and assault.

### A.   Objections to the Recommendation

The Court begins with Kelly's response to the Magistrate Judge's Recommendation, which the Court has construed as objections. As noted above, Kelly does not specifically object to any of the Magistrate Judge's findings or conclusions. Instead, Kelly's submission, in substance, is a motion for leave to amend his complaint. Consequently, Kelly's objections are reviewed for clear error and are due to be overruled. The Court now turns to his request to amend his complaint.

### B.   Motion for Leave to Amend

While the Court "should freely give leave [to amend] where justice so requires," FED. R. CIV. P. 15(a)(2), the Court may deny leave if amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). After carefully reviewing Kelly's motion and proposed amended complaint, the Court has little trouble concluding that amendment would be futile because the proposed amended complaint, like the original complaint, is a shotgun pleading.

The Eleventh Circuit has identified four types of shotgun pleadings, and "[t]he most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second type is a complaint which is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type fails to "separat[e]

4

into a different count each cause of action or claim for relief." *Id.* at 1322–23.  The fourth and final type of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Kelly's proposed amended complaint is a shotgun pleading in two respects.  First, and most problematically, the amended complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See id.*  It is difficult, if not impossible, to discern what alleged conduct is attributable to which Defendant.  Many of Kelly's allegations make no distinction among the dozens of named Defendants, even though it is apparent that "all of the defendants could not have participated in every act complained of." *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  For this reason, allowing the amended complaint would be futile because it would not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland*, 792 F.3d at 1323.

Second, the amended complaint is a shotgun pleading because it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See id.* at 1321.  As a result, "most of the counts (i.e., all but the

5

first) contain irrelevant factual allegations and legal conclusions." *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (parenthetical in original). For example, his claims pursuant to Title VII and the ADA incorporate the allegations of multiple other claims, including his RICO and INA claims. In this situation, all counts but the first "include[] allegations that are irrelevant to the cause(s) of action the count ostensibly states." *See Lumley v. City of Dade City*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (parenthetical in original). For this additional, independent reason, amendment would be futile, and Kelly's motion for leave is due to be denied.

Kelly has been informed many times by the judges in this district that shotgun pleadings are not permitted. He has been instructed on multiple occasions to file amended complaints to cure his pleading deficiencies and has been given guidance on how to do so. *See*, *e.g.*, *Kelly v. Elite Roofing*, 2024 WL 4993858, at *3–5 (M.D. Ala. Dec. 5, 2024); *Kelly v. Montgomery Hous. Auth.*, 2024 WL 1837195 (M.D. Ala. Apr. 26, 2024); (*see also*, *e.g.*, doc. 31 in *Kelly v. Ala. Dep't of Rehab. Servs., et al.*, 2:24-cv-343-ECM-SMD (M.D. Ala. Dec. 20, 2024)). Nonetheless, Kelly is either unwilling or unable to comply with the Rules of Civil Procedure and file a complaint that is not a shotgun pleading.[2] Consequently, the Court finds that dismissal without prejudice is warranted and that lesser

---

[2] Indeed, on May 21, 2025, another judge in this district declared Kelly a vexatious litigant and ordered that "[a]s a consequence of Kelly's vexatious filing of shotgun pleadings, in the event Kelly files a shotgun complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prejudice." (Doc. 52 in *Kelly v. The Water Works & Sanitary Sewer Bd. of the City of Montgomery et al.*, 2:24-cv-348-RAH-JTA (M.D. Ala. May 21, 2025)).

sanctions would not suffice.

## IV.  CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. Kelly's motion for leave to amend the complaint (doc. 49) is DENIED;

2. Kelly's objections (doc. 49) are OVERRULED;

3. The Recommendation of the Magistrate Judge (doc. 48) is ADOPTED;

4. This case is DISMISSED without prejudice;

5. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 11th day of June, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE